IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40090
Summary Calendar
_____


RICHARD R. OPIO,

                                        Plaintiff-Appellant,

versus

K. JANUARY ET AL.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-726
- - - - - - - - - -

October 19, 1998

Before DAVIS, DUHE' and PARKER, Circuit Judges.

PER CURIAM:[*]

Richard Opio, Texas prisoner #593560, challenges the dismissal of his pro se prisoner's civil rights action as frivolous under 28 U.S.C. § 1915A(b). Opio alleges, inter alia, that the district court erred in concluding that he had no protected liberty interest in his good-time credits and in remaining in the general population. He further contends that his right to due process was violated when he was not permitted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to attend his own disciplinary board hearing or to call witnesses on his own behalf.

The district court did not err in concluding that Opio has no protected liberty interest in his good-time credits or in remaining in the prison's general population. See Madison v. Parker, 104 F.3d 765, 768-69 (5th Cir. 1997). Opio's claim that he was not permitted to attend his disciplinary hearing is unavailing because he has not demonstrated that prison officials were obligated to permit him to attend the hearing in light of his disruptive behavior. See Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974). Finally, no hearing pursuant to Spears v. McCotter, 766 F.2d 179, 179-180 (5th Cir. 1985) was required in this case because Opio was given the opportunity to, and did, file a more definite statement of his claims. See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

We do not consider the remainder of Opio's points because they are either inadequately briefed or are raised for the first time on appeal and do not amount to plain error. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Accordingly, Opio's appeal is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. His motion for summary judgment, jury trial, and an injunction is DENIED.

APPEAL DISMISSED.